WOODWARD v. BUGSBEE, appellant.

*Evidence — testimony of expert — Services — when brother liable to sister for.*

The testimony of a physician, who was familiar with the disease and condition of a sick person, as to the value of services in nursing such person, *held,* admissible.

Plaintiff, at the request of her brother, who was not a member of her family, took him into her house, and nursed him during his last sickness. The brother spoke about paying her for her care and attention by will, and named a sum as the value of such care, etc. *Held,* that plaintiff was entitled to recover for her services in nursing.

APPEAL from a judgment entered upon the report of a referee upon a claim against an estate, referred by stipulation, approved by the surrogate of Orange county, according to the statute. The claim was made by Julia Woodward against Henry Bugsbee, administrator of Isaac Bugsbee, deceased, for board, lodging and services, in taking care of the deceased during his last illness. The deceased, who was a brother of plaintiff, about the 1st of May, 1870, came to the house of plaintiff, and asked to stay there a few days, saying he was very sick. Deceased was a widower, and plain-

tiff a married woman, living with her husband and family. After consulting with her husband, plaintiff agreed to allow deceased to remain. The sickness of deceased proved to be a cancerous eye and a carbuncle on his back; he grew rapidly worse, and the care of him was very difficult on account of the frequent dressing his sores required, and the offensive smell of the discharges therefrom. The brother died at plaintiff's house on the 8th of June following his arrival there.

During his sickness he spoke on several occasions in warm terms of the kindness of plaintiff in taking him in, and of her care for him, and expressed an intention to leave her $500 by will, as a compensation for her kindness and services.

Upon the hearing before the referee two physicians were sworn and examined on behalf of plaintiff, as to the value of plaintiff's services, Dr. Everett and Dr. Woodward. Dr. Everett testified that he was a practicing physician, and had attended deceased in his last illness. He testified as to the nature of his disease, and the character of the care and attendance required and performed by plaintiff. He testified that the carbuncle was very large, the largest he had ever seen, and that the case was a very aggravated one. He was asked, under defendant's objection, as to the comparative value of services in the care of such a case as that of the deceased and one of ordinary carbuncle or one of small-pox, and gave testimony upon that point. He also, under defendant's objection, testified that he knew of no standard price for the services of a nurse in such diseases as that of deceased. He was then asked, "What is the price or value of the care and attention of the deceased, by plaintiff, during his last illness?" This question was objected to on the grounds that it was irrelevant, the witness was not competent, and the evidence was incompetent. The objection was overruled, and the defendant excepted.

The referee found in favor of plaintiff for $440 damages, besides costs.

*Daniel Finn*, for appellant. The services being rendered by a sister for a brother, the law regards such services as acts of gratuitous kindness and affection, and plaintiff cannot recover without proof that deceased understood he was to compensate her therefor when the services commenced. 2 Pars. on Cont. 46; *Williams* v. *Hutchinson*, 3 N. Y. 312; *Dye* v. *Kerr*, 15 Barb. 444; *Eitel* v.

*Walter,* 2 Bradf. 287; *Bowen* v. *Bowen,* id. 336; *Robinson* v. *Cush-man,* 2 Den. 149; *Williams* v. *Hutchinson,* 3 N. Y. 312.

*James N. Pronk,* for respondent.

BARNARD, P. J. We think the question permitted by the referee to be put to Dr. Everett was proper. He had testified that he was a physician; he had fully stated the diseases of the plaintiff's intestate, and that the same were of the most aggravated description, so much so, as to be the subject of no standard price; in other words, he had testified that the deceased was so afflicted, and his disease was so loathsome, as to be entirely exceptional.

The case must have been left to the referee to determine on proof of facts, or the value of the services claimed must have been proven. A referee, ordinarily, would have no especial knowledge of the value of such services; and to prevent the failure of justice, it was necessary that the value should be proven; and where there is no market value, there can no better proof be given of the real value, than the opinion of the physician who knows the services and the nature of the sickness, and who knows the value of attendance upon the sick.

As to the objection that the services cannot be recovered for without an express promise, having been performed by a sister to her brother, we think that principle not applicable to this case. The deceased was not a member of plaintiff's family; he came to her house sick, and asked to be taken care of for a few days; he spoke of the plaintiff's care and attention in the warmest terms, and spoke of paying her for the same by will, and even named the sum of $500 as the measure of value thereof. The referee was justified in finding a promise, and the judgment should be affirmed, with costs.

*Judgment affirmed.*